**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TYRONE NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1293-CFC-LDH |
| | ) | |
| BRIAN EMIG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## REPORT AND RECOMMENDATION AND SERVICE ORDER

Plaintiff Tyrone Norwood, an inmate at James T. Vaughn Correction Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). Plaintiff has also filed an Emergency Motion for Immediate Transfer (D.I. 12), an Emergency Motion for Order to Show Cause (D.I. 18), and a Motion for Expedited Review and Status Conference (D.I. 25, collectively with D.I. 12 and D.I. 18, the "Pending Motions"). The Court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and addresses Plaintiff's Pending Motions.

For the reasons set forth below, the Court orders that service proceed as to Jane/John Does 1-10 as medical staff members of JTVCC. The Court recommends that the claims against the JTVCC warden, medical director, and head nurse be dismissed without prejudice. The Court further recommends that Plaintiff's Motions be denied without prejudice to renew once the appropriate defendants have been served.

1

## I.    BACKGROUND

Plaintiff, a liver transplant recipient, alleges that medical staff at JTVCC have not properly administered his anti-rejection regimen, placing "him at immediate and severe risk of organ rejection." (D.I. 3 at 1, 4). He asserts deliberate indifference claims under 42 U.S.C. § 1983 against the JTVCC's warden "in his official capacity for injunctive relief"; JTVCC's medical director Michael Kennedy in his "individual capacity for implementing and/or condoning the unconstitutional policies . . . that led to the violations" and in his "official capacity for injunctive relief"; a Jane/John Doe head nurse in his or her individual capacity "for direct supervisory liability" and in an "official capacity for injunctive relief"; VitalCore Health Strategies, "a private entity under contract with the State of Delaware to provide medical services" acting "under color of state law" and accordingly liable under "respondeat superior and its own unconstitutional customs"; and Jane/John Does 1-10 as medical staff members of JTVCC "who were personally involved in the denial of medication and failure to order/send labs." (*Id*. at 2). Plaintiff filed an emergency motion for temporary restraining order and preliminary injunction (D.I. 5) and emergency motion to compel inmate account statement and for expedited ruling on temporary restraining order (D.I. 9), which this Court denied (D.I. 15). Plaintiff subsequently filed the pending Motions.

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in

a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is

entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

### A.   Defendant Warden, Medical Director Michael Kennedy and Jane/John Doe Head Nurse

Plaintiff alleges that the "Warden is responsible for the overall conditions of confinement" and his "failure to correct known, systemic deficiencies in medical care after being put on notice via grievances constitutes deliberate indifference." (D.I. 3 at 5). Plaintiff also alleges that the head nurse and medical director "were on repeated notice of these systemic failures" and their "failure to train, supervise, or discipline staff" amounts to deliberate indifference. (*Id.*)

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312,325 (1981) (holding that liability in an § 1983 action must be based on personal involvement, not respondeat superior); *see also Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008) (instructing that constitutional deprivation cannot be premised merely on fact that defendant was prison supervisor when incidents set forth in complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

"There are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiffs rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

The Complaint contains no allegations directed at JTVCCs warden, medical director, or head nurse that establish personal involvement for purposes of a § 1983 claim.  Nor do the Complaint's conclusory allegations suffice to show supervisory liability by the forgoing defendants. In addition, prison administrators like the warden are not deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a nonmedical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id*. at 236. The allegations do not indicate that the warden had reason to believe Plaintiff was not being treated or was mistreated.

Accordingly, I recommend dismissing without prejudice the warden, medical director, and head nurse from action.

## B. Defendant VitalCore Health Strategies

With respect to Defendant VitalCore Health Strategies ("VitalCore"), when a plaintiff relies upon a theory of respondeat superior to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F .3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Ultimately, to establish that VitalCore is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [VitalCore] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Natale*, 318 F.3d at 583-84. The Complaint does not refer to any policy or custom of VitalCore and does not set forth any constitutional violations allegedly caused thereby. Accordingly, I recommend dismissing without prejudice claims against VitalCore.

## C. Plaintiff's Pending Motions

Plaintiff previously filed an emergency motion for temporary restraining order and preliminary injunction (D.I. 5) and emergency motion to compel inmate account statement and for expedited ruling on temporary restraining order (D.I. 9). In denying those motions, this Court explained that "this Court generally only issues a preliminary injunction upon notice to the adverse party"; that a temporary restraining order may be issued without notice to if Plaintiff "first provide[s] 'specific facts in an affidavit or verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to [him] before [Defendants] can be heard in opposition'"; that Plaintiff " must 'certify in writing any efforts made to give notice and the reasons why it should not be required'; and that Defendants have not been served and "Plaintiff has not

6

provided certification of efforts undertook to inform Defendants of his motion or reasons why such should not be required." (D.I. 11 at 2-3). The Court denied Plaintiff's emergency motion for temporary restraining order and preliminary injunction "without prejudice to renewal after service of a complaint on Defendants." (D.I. 15).

As Plaintiff acknowledges (D.I. 25), service has not yet been completed. Accordingly, I recommend denying Plaintiff's Pending Motions (D.I. 12, D.I. 18, D.I. 25) without prejudice to renew after service of the Complaint on the appropriate Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1.      Having identified what appear to be cognizable and non-frivolous 42 U.S.C. § 1983 claims within the meaning of 28 U.S.C. § 1915A(b) and§ 1915(e)(2)(B) against Jane/John Does 1-10 as medical staff members of JTVCC, the Clerk of Court shall notify the Delaware Department of Correction ("DDOC") and the Delaware Department of Justice ("DDOJ") of Service Order. As an attachment to this Order, the Clerk of Court shall serve an electronic copy of the Complaint (D.1. 3) on the DDOC and the DDOJ. The Court requests that DDOC Defendants waive service of summons.

2.      Defendants shall have ninety (90) days from entry of this Service Order to each file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, Defendants shall have sixty (60) days to answer or otherwise respond to the pro se Complaint.

3.      In those cases where a Waiver of Service Unexecuted is filed, the DDOC and/or DDOJ shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding address for any former employee who does not

agree to waive service, said address to be placed under seal and used only for the purpose of attempting to effect. service in the traditional matter.

4.      In the interests of justice, DDOC shall identify the Jane/John Doe Defendants within thirty days after the Complaint is served. Plaintiff shall immediately move the Court for an order directing amendment to the caption and service of the Complaint upon learning the identity of the Jane/John Doe Defendant.

Additionally, the Court RECOMMENDS the following:

5.       That the Complaint against the warden, medical director, head nurse, and VitalCore (D.I. 3) be dismissed without prejudice.  *See O'Dell v. United States Gov't*, 256 F. App'x 444,445 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

6.      That Plaintiff be given thirty (30) days from the date of this Report and Recommendation to file an amended pleading.

7.      That Plaintiff's Pending Motions be denied without prejudice to renew once service on the appropriate Defendants has been accomplished.

***

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: May 1, 2026

_____

United States Magistrate Judge