IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TYRONE NORWOOD,                         )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     C.A. No. 25-1293-CFC-LDH        FILED
                                        )
BRIAN EMIG, et al.,                     )
                                        )                          MAY 2 6 2026
          Defendants.                   )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

REPORT AND RECOMMENDATION AND SERVICE ORDER

Plaintiff Tyrone Norwood, an inmate at James T. Vaughn Correction Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court screened the Complaint and ordered that service proceed as to defendants Jane/John Does 1-10 as medical staff members of JTVCC. (D.I. 26). The Court dismissed without prejudice the claims against defendants JTVCC warden, medical director, and head nurse for failure to state a claim, with leave to amend. (D.I. 26 & 27). The Court now screens the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons set forth below, the Court orders that service proceed as to defendants Jane/John Does 1-10 as medical staff members of JTVCC. The Court recommends that the claims against defendant JTVCC warden, medical director, head nurse and DDOC medical director be dismissed with prejudice.

I.   BACKGROUND

Plaintiff is a liver transplant recipient who received an orthotopic liver transplant in December 2017. (D.I. 28 at 2). Plaintiff alleges that medical staff at JTVCC have not properly

administered his anti-rejection regimen, including: failing to perform bi-weekly laboratory testing from September 30, 2025 through at least February 2026; failing to perform follow-up lab testing in December 2025; and failing to transport Plaintiff to his January 2026 specialist appointment. (*Id.* at 3-4). Plaintiff was taken to his specialist appointment on April 28, 2026. (*Id.* at 4). Plaintiff contends that without regular lab monitoring, Plaintiff faces a substantial risk of "organ rejection; organ failure; serious medical complications; and death." *Id.*

Plaintiff asserts deliberate indifference claims under 42 U.S.C. § 1983 against the JTVCC's warden in his official capacity for injunctive relief; JTVCC's medical director Michael Kennedy in his individual and official capacity; Delaware Department of Correction ("DDOC") medical director Dr. Awele Maduka-Ezeh in his individual and official capacities; a Jane/John Doe head nurse in his or her individual and official capacities; VitalCore Health Strategies; and Jane/John Does 1-10 as medical staff members of JTVCC "who were personally involved in the denial of medication and failure to order/send labs." (*Id.* at 2).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976).  In order to set forth a cognizable claim, Plaintiff must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F .3d 192, 197 (3d Cir. 1999).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

As pled, the Amended Complaint states an actionable claim against Jane/John Does 1-10 as medical staff members of JTVCC "who were personally involved in the denial of medication and failure to order/send labs."  For the reasons stated below, it does not state actionable claims against the other defendants.

### A.  Defendant Warden, Medical Director Michael Kennedy, DDOC Medical Director Awele Maduka-Ezeh, and Jane/John Doe Head Nurse

The Amended Complaint attempts to raise § 1983 claims, and adds a defendant—DDOC medical director Maduka-Ezeh.  However, the allegations are again based upon respondeat superior theory.  Plaintiff alleges that the warden "is charged with knowledge of systemic failures brought to the attention of his office through official channels" and "failed to take any corrective action." (D.I. 28 at 4).  Plaintiff alleges JTVCC medical director Kennedy "is responsible for overseeing all medical care delivered at JTVCC" and that Plaintiff's medical record was "within the Medical Director's scope of responsibility." (*Id.*)  Plaintiff alleges DDOC medical director Maduka-Ezeh "is responsible for overseeing all medical care across all state facilities" and is

"charged with knowledge of systemic failures within the correctional healthcare system." (*Id.*) Plaintiff alleges the head nurse was "responsible for supervising the daily medication line" and on multiple occasions "failed to ensure Plaintiff received his prescribed medication" and is "responsible for the systematic failure to properly administer medication." (*Id.*) Plaintiff alleges defendants "were aware of Plaintiff's condition and prescribed treatment plan," yet "knowingly failed to carry out essential components of that treatment" and this conduct amounts to deliberate indifference. (*Id.* at 6).

As Plaintiff has been advised, a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312,325 (1981) (holding that liability in an § 1983 action must be based on personal involvement, not respondeat superior); *see also Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008) (instructing that constitutional deprivation cannot be premised merely on fact that defendant was prison supervisor when incidents set forth in complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

"There are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the

5

constitutional harm, and another under which they can be liable if they participated in violating plaintiffs rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

The Amended Complaint does not cure Plaintiff's pleading defects. Plaintiff does not allege sufficient facts to plausibly suggest that JTVCCs warden, medical director, head nurse, or the DDOC medical director acted with deliberate indifference to Plaintiff's serious medical need. *See Estelle*, 429 U.S. at 106. The Amended Complaint contains no allegations directed at JTVCCs warden, medical director, head nurse, or DDOC medical director that establish personal involvement for purposes of a § 1983 claim. Nor do the Amended Complaint's conclusory allegations suffice to show supervisory liability by these defendants. In addition, prison administrators like the warden are not deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a nonmedical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. The allegations do not indicate that the warden had reason to believe Plaintiff was not being treated or was mistreated.

Accordingly, I recommend that the deliberate indifference claims against JTVCCs warden, medical director, and head nurse, and DDOC medical director in the Amended Complaint be

6

dismissed pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Plaintiff has been granted two opportunities to plead his claim, *see* D.I. 3, 28, but Plaintiff's Amended Complaint still fails to state a claim against these defendants. Because any further amendment would be futile, this dismissal should be with prejudice.

## B. Defendant VitalCore Health Strategies

As to defendant VitalCore Health Strategies ("VitalCore"), the allegations in the Amended Complaint are again based on respondeat superior theory. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F .3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Ultimately, to establish that defendant VitalCore is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [VitalCore] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Natale*, 318 F.3d at 583-84. There are no such allegations in the Amended Complaint. The Amended Complaint contains bare, conclusory allegations that VitalCore understaffed the medical units, failed to train medical staff on needs of transplant patients, and failed to establish reliable protocols for following up on specialist orders. (D.I. 28 at 5). It does not refer to any policy or custom of VitalCore and does not set forth any constitutional violations allegedly caused thereby.

Accordingly, I recommend that the deliberate indifference claims against VitalCore in the Amended Complaint be dismissed pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Plaintiff has been granted two opportunities to plead his claim, *see* D.I. 3 & 28, but

Plaintiff's Amended Complaint still fails to state a claim against defendant VitalCore. Because any further amendment would be futile, this dismissal should be with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1.     Having identified what appear to be cognizable and non-frivolous 42 U.S.C. § 1983 claims within the meaning of 28 U.S.C. § 1915A(b) and§ 1915(e)(2)(B) against Jane/John Does 1-10 as medical staff members of JTVCC, the Clerk of Court shall notify the Delaware Department of Correction ("DDOC") and the Delaware Department of Justice ("DDOJ") of Service Order. As an attachment to this Order, the Clerk of Court shall serve an electronic copy of the Complaint (D.1. 3) and the Amended Complaint (D.I. 28) on the DDOC and the DDOJ. The Court requests that DDOC Defendants waive service of summons.

2.     Defendants shall have ninety (90) days from entry of this Service Order to each file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, Defendants shall have sixty (60) days to answer or otherwise respond to the pro se Complaint.

3.     In those cases where a Waiver of Service Unexecuted is filed, the DDOC and/or DDOJ shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding address for any former employee who does not agree to waive service, said address to be placed under seal and used only for the purpose of attempting to effect. service in the traditional manner.

4.     In the interests of justice, DDOC shall identify the Jane/John Doe Defendants within thirty days after the Complaint is served. Plaintiff shall immediately move the Court for an

order directing amendment to the caption and service of the Complaint upon learning the identity of the Jane/John Doe Defendants.

Additionally, the Court RECOMMENDS the following:

5.    That the Amended Complaint against JTVCCs warden, medical director, and head nurse, and DDOC medical director and VitalCore (D.I. 28) be dismissed with prejudice.

***

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: May 26, 2026

_____
United States Magistrate Judge

9